## Zook v. E. Rosenwald & Bro.

*Landlord and tenant — Lease — Subletting — Storage—Warehouseman—Bailment.*

1. Where a tenant of a tobacco warehouse permitted certain customers to store tobacco in parts of the building at a fixed charge per month, sometimes for more than a year, the customers' own men often handling the tobacco, but not having possession or control of the warehouse or any part of it, this does not constitute a subletting by such tenant to his customers in violation of a covenant in his lease against subletting.

2. Such tenant was merely acting as a warehouseman, and his acts created the relation of bailor and bailee between him and his customers, and not that of landlord and tenant.

Rule to open judgment. C. P. Lancaster Co., Nov. T., 1921, No. 59½.

*S. R. Zimmerman* and *John E. Malone*, for rule; *John A. Nauman*, contra.

HASSLER, J., April 8, 1922.—The defendants had possession of a warehouse in this city, as tenants of the plaintiff, on Oct. 29, 1921, under a written lease which contained a covenant against subletting. On that day the plaintiff entered an amicable action of ejectment in this court, alleging breaches of two of the covenants of the lease by the defendants, and obtained judgment in the proceedings. The defendants thereupon presented a petition to this court, denying the alleged breaches of the covenant of the lease by them, and asked that the judgment be opened. This rule was granted upon that petition.

The covenants which plaintiff alleges were broken are that the defendants failed and refused to pay rent, as required in the lease, and that they sublet the premises. It is admitted in plaintiff's answer to defendants' petition and in the testimony that defendants did not fail to pay the rent as it came due, but that they sent checks for it regularly, all of which were returned by the plaintiff.

As we have said, the lease contains a covenant against subletting. It is contended by the plaintiff that the defendants did sublet the premises. If they did, under the terms of the lease, an action such as this could be instituted, and the plaintiff would be entitled to judgment. The testimony shows that the subletting was the taking into the warehouse of cases of tobacco belonging to different people, at a charge of 5 or 6 cents a case per month, the owners of the tobacco simply storing it in the warehouse. Possession of the warehouse, or any part of it, was not surrendered by the defendants, nor were those who stored tobacco in it given any control or possession of any part of the same. That certain customers placed their tobacco in certain parts of the building each year, if they stored tobacco there more than one year, and the fact that often their own men handled it, is immaterial and did not affect the relations between the parties, and of itself did not make them landlord and tenant.

In order to make the transaction between the defendants and those who stored tobacco in the warehouse that of landlord and tenant, there must have been a lease of the premises, or a part of them, by the defendants to such persons. A lease is defined to be a conveyance of lands and tenements for life, for years, or at will. It may be written or oral. The words "let" or "lease" are not necessary to constitute a valid lease. Leases "are contracts for the possession and enjoyment of land, on one side, and for recompense or return of rent, on the other, and whatever words are sufficient to explain the intention of parties that one shall give up possession of the land to the other, and the other come into possession of it for a determinate time, amounts to a

Zook *v.* E. Rosenwald & Bro.

lease:" Mitchell on Real Estate and Conveyancing in Pennsylvania, 406; Jackson & Gross on Landlord and Tenant, 23; 24 Cyc., 876.

The facts here show that there was no lease, oral or written, between the defendants and those whose tobacco was stored in the warehouse. They did not surrender possession or control of the warehouse, or any part of it, to such persons, nor did such persons come into control or possession of the same. Their relation was simply that of bailor and bailee. In section 58 of the Act of March 11, 1909, P. L. 19, a warehouseman is defined to be any who engages in the business of storing goods for profit. The act shows that a warehouseman is simply a bailee, and not a lessor, of part of his warehouse occupied by goods stored in it.

As the defendants did not sublet the warehouse, nor any part of it, the covenant of the lease against subletting was not broken, and the judgment must be opened and defendants be given an opportunity to make defence in the case. The rule for opening the judgment is made absolute.

From George Ross Eshleman, Lancaster, Pa.